UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ELIZABETH G. QUATTRONE,

               Plaintiff,

          v.

ERIE 2 CHAUTAUQUA-CATTARAUGUS
BOARD OF COOPERATIVE
EDUCATIONAL SERVICES, BOARD
MEMBERS RONALD CATALANO,
NANCY RENCKENS, THOMAS DEJOE,
LINDA HOFFMAN, ANITA RAY,
CHRISTINE SCHNARS, DWIGHT EAGAN,
GREGORY COLE, ROBERT CARPENTER,
SYLVESTER CLEARY, DAVID LOWREY,
NANCY STOCK, AND RICHARD VOGAN
IN THEIR PERSONAL AND OFFICIAL
CAPACITIES,

               Defendants.

_____

**DECISION AND ORDER**

1:19-CV-01329 EAW

## **INTRODUCTION**

*Pro se* plaintiff[1] Elizabeth G. Quattrone ("Plaintiff") brings this action against defendants Erie 2 Chautauqua-Cattaraugus Board of Cooperative Educational Services ("BOCES") and its Board members Ronald Catalano, Nancy Renckens, Thomas DeJoe, Linda Hoffman, Anita Ray, Christine Schnars, Dwight Eagan, Gregory Cole, Robert Carpenter, Sylvester Cleary, David Lowrey, Nancy Stock, and Richard Vogan (collectively

---

[1]    Plaintiff was originally represented by counsel.  Counsel withdrew after the close of discovery and the filing of Defendants' motion for summary judgment.  (*See* Dkt. 20). Plaintiff filed her cross-motion for summary judgment and opposition to Defendants' motion *pro se*.

"Defendants"), alleging various claims regarding the termination of her employment by BOCES. (*See* Dkt. 1-1). Currently pending before the Court are cross-motions for summary judgment filed by Defendants and Plaintiff. (Dkt. 16; Dkt. 21). For the reasons set forth below, the Court grants Defendants' motion for summary judgment and denies Plaintiff's motion for summary judgment with respect to Plaintiff's federal claims and remands Plaintiff's remaining state claims to state court.

## BACKGROUND

### I.   Factual Background

The following facts are taken from Defendants' Statement of Undisputed Facts (Dkt. 16-1), Plaintiff's Statement of Undisputed Material Facts and Response to Defendants' Statement of Undisputed Material Facts (Dkt. 21 at 44-66), Defendants' Local Rule 56(a)(2) Counterstatement of Undisputed Material Facts (Dkt. 22), and the exhibits submitted by the parties. Unless otherwise noted, the facts set forth below are undisputed.

Plaintiff was employed by BOCES as a tenured elementary education teacher for nearly twenty years and had "an excellent work history." (Dkt. 21 at 45; Dkt. 22 at 2). On July 1, 2003, BOCES abolished Plaintiff's teaching position and discontinued her services due to a lack of work in the elementary tenure area. (Dkt. 21 at 45; Dkt. 22 at 2). BOCES placed Plaintiff's name on the preferred eligible list for reinstatement by seniority, consistent with the New York Education Law. (Dkt. 21 at 45; Dkt. 22 at 2). BOCES reinstated Plaintiff by seniority on the preferred list during the summer of 2003, but discontinued Plaintiff's services again in 2004, placing her name back on the preferred list. (Dkt. 21 at 45; Dkt. 22 at 2).

Plaintiff maintains that beginning in 2005, BOCES reestablished positions in the elementary tenure area, under the alternative job title of "Family Literacy Educator." (Dkt. 21 at 45-46). Plaintiff further asserts that BOCES "falsely posted the . . . vacancies on its public website as a temporary adult program position. . . ." (Id.). BOCES acknowledges that these positions were in the same tenure area but contends that they were not "reestablished." (Dkt. 22 at 2). BOCES further disputes that the job postings misrepresented the nature of the positions. (Id. at 3-4).

Plaintiff claims that for the 2005-2006 and 2006-2007 school years, BOCES hired Robin Nielsen Brown ("Nielsen Brown") and Pamela Belling ("Belling") to fill the Family Literacy Educator positions using "illegal temporary appointment[s]." (Dkt. 21 at 46). BOCES disputes that these positions were comparable to Plaintiff's former position and that she was entitled to fill the vacancies. (Dkt. 22 at 6-7).

In May of 2007, Plaintiff learned that BOCES was employing elementary teachers in a preschool program and made an inquiry regarding her state law rights to those positions. (Dkt. 21 at 47; Dkt. 22 at 2). On September 4, 2007, BOCES, through its Assistant Superintendent Colleen Taggerty, acknowledged that it had been operating an elementary preschool program taught by temporary workers. (Dkt. 21 at 47; Dkt. 22 at 2).

Plaintiff demanded reinstatement in late 2007. (Dkt 21 at 47; Dkt. 22 at 2). On October 22, 2007, BOCES' District Superintendent Robert Guiffreda acknowledged that BOCES had made temporary appointments to fill vacancies in Plaintiff's tenure area under the job title Family Literacy Educator and that the BOCES Board had voted to hire temporary Nielsen Brown to fill a preschool teacher vacancy. (Dkt. 21 at 47; Dkt. 22 at 2).

In November of 2007, Plaintiff was recalled to the preschool vacancy.  (Dkt. 21 at 47).  Plaintiff claims that BOCES acted in "utter disregard for the strict procedural mandates of the New York Education Law and the statewide tenure system" by requiring her, as a condition of accepting this position, to agree not to initiate legal action against BOCES and its Board members, employees, and attorneys.  (*Id*. at 47-48).  Plaintiff characterizes this request as a "*quid pro quo* deal to exchange the preschool vacancy for a waiver and release" and a "threat[] to deprive her of state law employment rights unless she agreed not to exercise her protected right to take any type of legal action in the future[.]" (Dkt. 21 at 49).  BOCES concedes that Plaintiff was asked to agree to enter into a waiver and release as a condition of accepting the preschool vacancy but denies that such action was improper or a violation of law.   (Dkt. 22 at 10-11).  Plaintiff declined to enter into the requested waiver and release.   (Dkt. 21 at 49; *see also* Dkt. 16 at 34).  A second recall letter for a preschool vacancy was sent to Plaintiff in December of 2007; Plaintiff also did not accept this offer.  (*See* Dkt. 16-3 at 34-36).  On June 6, 2008, BOCES issued another letter recalling Plaintiff to a preschool vacancy.  (Dkt. 21 at 50; Dkt. 22 at 20).  Plaintiff did not accept this offer.  (*See* Dkt. 16-3 at 35-36).

Plaintiff claims that in June of 2009, the BOCES Board voted to cut preschool teacher services for the 2009-2010 school year, but then rescinded that vote and recalled Pamela Belling in July of 2009.  (Dkt. 21 at 50).  Plaintiff further claims that BOCES permanently removed her name from the preferred eligible list on July 1, 2011.  (Dkt. 21 at 56).

## II.   **Prior Administrative Proceedings and Litigation**

Plaintiff filed a petition with the New York State Department of Education ("NYSDOE") in September of 2003, claiming that she was entitled to reinstatement to a position in her tenure area under the New York Education Law.  (Dkt. 16-10).   On November 4, 2004, the Commissioner of the NYSDOE entered a decision rejecting Plaintiff's claims.  (Dkt. 16-12).   This finding was affirmed by the New York State Supreme Court, Albany County, and by the New York State Supreme Court, Appellate Division, Third Department.  (Dkt. 16-14; Dkt. 16-15).

In January of 2008, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC").  (Dkt. 21 at 50; Dkt. 22 at 17-18).  Then, on May 29, 2008, Plaintiff commenced an action in this District.  *See Quattrone v. Erie 2 Chautauqua-Cattaraugus Bd. of Co-op. Educ. Servs*., No. 08-CV-367-JTC, 2011 WL 4899991, at *1 (W.D.N.Y. Oct. 13, 2011) ("*Quattrone I*"), *aff'd,* 503 F. App'x 12 (2d Cir. 2012).  Plaintiff amended her complaint in *Quattrone I* on January 27, 2011, to assert state law claims.  (Dkt. 21 at 51; Dkt. 22 at 2).

On October 13, 2011, the Hon. John T. Curtin, United States District Judge, entered a decision and order granting summary judgment to the defendants in *Quattrone I* on numerous claims asserted by Plaintiff.  2011 WL 4899991, at *1.  In particular, Judge Curtin found the following: (1) Plaintiff's state law claims regarding her placement on the preferred eligibility list were barred by collateral estoppel; (2)  Plaintiff's claims of discrimination in violation of the Age Discrimination in Employment Act (the "ADEA") and the New York State Human Rights Law failed as a matter of law because Plaintiff

could not establish that she experienced an adverse employment action at the hands of the defendants; (3) Plaintiff's claims of retaliation under the ADEA failed as a matter of law because Plaintiff "failed to come forward with evidence sufficient to establish a causal connection between the exercise of (or refusal to waive) her ADEA rights and any adverse employment action resulting from a failure on the part of Erie 2 BOCES to reinstate her to a teaching position for which she was qualified"; (4) Plaintiff's claims under 42 U.S.C. § 1983 for "deprivation of a constitutionally protected property interest without due process in violation of the Fourteenth Amendment, and retaliation for expressing matters of public concern in violation of the First Amendment" failed as a matter of law because Plaintiff "was afforded a full and fair opportunity for administrative review of her assertion of tenure rights by the Commissioner of Education, pursuant to the procedures authorized by state education law, and state court judicial review of the administrative ruling" and because there was "no evidence to suggest that the matters addressed by plaintiff in her administrative and Article 78 proceedings, or in her discussions with the union, touched upon matters other than her personal tenure rights as a BOCES employee whose position was discontinued due to the component school districts' withdrawal from the BOCES program she serviced"; and (5) Plaintiff's claim for breach of her collective bargaining agreement failed as a matter of law because "the court's review of the record on summary judgment reveals that plaintiff's union representatives vigorously advocated on her behalf in reaching a favorable resolution with BOCES regarding an offer of a position in the UPK program. Plaintiff declined the offer, even when made without any waiver and release conditions, and elected not to pursue a grievance under the [collective bargaining

agreement].”   *Id*. at *6-14.   Having granted the defendants summary judgment on all the claims over which the court had original jurisdiction, Judge Curtin then declined to exercise supplemental jurisdiction over Plaintiff's remaining state law claims.   *Id*. at *15.   On November 15, 2012, the Court of Appeals for the Second Circuit entered a summary order affirming Judge Curtin's decision.   *Quattrone v. Erie 2 Chautauqua Cattaraugus Bd. of Co-op. Educ. Servs*., 503 F. App'x 12 (2d Cir. 2012).

Plaintiff commenced a state court proceeding on April 2, 2012, asserting violations of the New York Education Law and fraudulent misrepresentation.   (Dkt. 16-2 at ¶ 34).   This action was ultimately dismissed based on the doctrine of primary jurisdiction, because the trial court concluded that the issues presented were "for the Commissioner of Education to resolve." (Dkt. 16-26 at 3).   The New York Supreme Court, Appellate Division, Fourth Department affirmed the dismissal on March 24, 2017.   (*Id*. at 1-4).

On April 17, 2017, Plaintiff filed a petition with the NYSDOE alleging violations of the New York Education Law.  (Dkt 16-27).   On March 19, 2019, the Commissioner of the NYSDOE entered a decision dismissing the petition on the basis that Plaintiff had "not met her burden of proving that 50 percent or more of the duties of the two family literacy educator positions in the 2006-2007 school year were similar to those of her former position as teacher of gifted and talented education." (Dkt. 16-28 at 9).

## III.   <u>Procedural Background</u>

Plaintiff commenced the instant action in New York State Supreme Court, Chautauqua County.  (Dkt. 1).  The matter was removed to this Court on September 27, 2019.  (*Id*.).

Discovery closed on July 6, 2020.  (Dkt. 8).  Defendants filed the instant motion for summary judgment on January 29, 2021.  (Dkt. 16).  Plaintiff filed her cross-motion for summary judgment and opposition to Defendants' motion on February 24, 2021.  (Dkt. 21).  Defendants filed their reply in further support of their motion and their opposition to Plaintiff's cross-motion on March 19, 2021.  (Dkt. 22).  Plaintiff filed her reply in further support of her cross-motion for summary judgment on March 25, 2021.  (Dkt. 23).

## DISCUSSION

### I.   Legal Standard

Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment should be granted if the moving party establishes "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  The Court should grant summary judgment if, after considering the evidence in the light most favorable to the nonmoving party, the Court finds that no rational jury could find in favor of that party.  *Scott v. Harris*, 550 U.S. 372, 380 (2007) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986)).

"The moving party bears the burden of showing the absence of a genuine dispute as to any material fact. . . ."  *Crawford v. Franklin Credit Mgmt. Corp.*, 758 F.3d 473, 486 (2d Cir. 2014).  "Where the non-moving party will bear the burden of proof at trial, the party moving for summary judgment may meet its burden by showing the evidentiary materials of record, if reduced to admissible evidence, would be insufficient to carry the non-movant's burden of proof at trial."  *Johnson v. Xerox Corp.*, 838 F. Supp. 2d 99, 103 (W.D.N.Y. 2011) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986)).  Once the

moving party has met its burden, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts, and may not rely on conclusory allegations or unsubstantiated speculation." *Robinson v. Concentra Health Servs., Inc.*, 781 F.3d 42, 44 (2d Cir. 2015) (quoting *Brown v. Eli Lilly & Co.*, 654 F.3d 347, 358 (2d Cir. 2011)). Specifically, the non-moving party "must come forward with specific evidence demonstrating the existence of a genuine dispute of material fact." *Brown*, 654 F.3d at 358. Indeed, "the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).

## II.   Plaintiff's Federal Claims are Barred by the Doctrine of Res Judicata

Plaintiff asserts the following claims in this action: (1) violation of Plaintiff's First and Fourteenth Amendment rights under § 1983; (2) violations of the New York State Constitution; (3) violations of the New York Education Law; (4) a claim that BOCES caused Plaintiff "grave harm" by threatening her tenure benefits in the event she took further legal action; (5) fraudulent misrepresentation; (6) "malice" causing "grave harm"; (7) breach of fiduciary duty; and (8) failure to perform a continuing duty. (Dkt. 1-2 at 28-32. Defendants seek summary judgment on numerous grounds: (1) Plaintiff's federal claims are barred by the doctrine of collateral estoppel/issue preclusion; (2) Plaintiff's federal claims are barred by the doctrine of res judicata/claim preclusion; (3) no rational jury could find in Plaintiff's favor on any of her claims based on the evidence of record; and (4) the individual defendants are entitled to qualified immunity. (Dkt. 16-30). The

Court agrees with Defendants that Plaintiff's federal claims are barred by the doctrine of res judicata, for the reasons that follow.

"The doctrine of res judicata, or claim preclusion, holds that 'a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action.'" *Monahan v. New York City Dep't of Corr.*, 214 F.3d 275, 284 (2d Cir. 2000) (quoting *Allen v. McCurry*, 449 U.S. 90, 94 (1980)). "[R]es judicata is an affirmative defense that should be raised in the defendant's answer[.]" *Monahan v. New York City Dep't of Corr.*, 214 F.3d 275, 283 (2d Cir. 2000)[2]. "To prove the affirmative defense a party must show that (1) the previous action involved an adjudication on the merits; (2) the previous action involved the plaintiffs or those in privity with them; (3) the claims asserted in the subsequent action were, or could have been, raised in the prior action." *Id*. at 285.

Here, there can be no question that the first two elements of a res judicata affirmative defense are satisfied with respect to Plaintiff's federal claims. First, Judge Curtin's grant of summary judgment to the defendants in *Quattrone I* was an adjudication on the merits with respect to the § 1983 claims set forth therein. *See Yan Won Liao v. Holder*, 691 F. Supp. 2d 344, 352 n.9 (E.D.N.Y. 2010) ("Summary judgment dismissal is considered a decision on the merits for *res judicata* purposes.").

Second, Plaintiff was also the plaintiff in *Quattrone I*, and BOCES and several of the individual Board member defendants were defendants therein. As to the individual

---

[2]    Defendants appropriately asserted the affirmative defenses of res judicata and collateral estoppel in their Answer.  (Dkt. 4 at ¶ 207).

Board member defendants who were not named as defendants in *Quattrone I*, "[i]t is well settled in this circuit that literal privity is not a requirement for res judicata to apply." *Monahan*, 214 F.3d at 285.  Instead, "[p]rivity exists when the interests of a nonparty were adequately represented in the initial action."  *Kraus USA, Inc. v. Magarik*, No. 17 CIV. 6541 (ER), 2019 WL 4744772, at *4 (S.D.N.Y. Sept. 30, 2019).  "[A]n employer-employee or agent-principle relationship will provide the necessary privity for claim preclusion with respect to matters within the scope of the relationship, no matter which party is first sued." *Tibbetts v. Stempel*, 354 F. Supp. 2d 137, 148 (D. Conn. 2005), *aff'd sub nom. Tibbetts v. Levin*, 288 F. App'x 743 (2d Cir. 2008).  Here, Plaintiff's claims against the individual Board member defendants relate to actions taken in their roles as members of BOCES' Board.  They are therefore in privity with BOCES for purposes of the res judicata analysis. *See id*.  (finding individual members of university board were in privity with the university for purposes of res judicata inquiry because "although [the plaintiff had] sued them in both their individual and official capacities, his allegations relate[d] solely to their actions as official representatives or agents of" the university); *see also Cameron v. Church*, 253 F. Supp. 2d 611, 623 (S.D.N.Y. 2003) ("Res judicata operates to preclude claims, rather than particular configurations of parties; [a plaintiff's] addition of new defendants, in the context of allegations of their involvement in the series of alleged deprivations, does not entitle him to revive the previously dismissed claims.").

As to the third element of the res judicata analysis, in this case, reading the complaint liberally, Plaintiff has asserted a First Amendment retaliation claim, a First Amendment denial of access to the courts claim, and a Fourteenth Amendment equal

protection claim.    As to Plaintiff's First Amendment retaliation claim, Judge Curtin expressly found in *Quattrone I* that no reasonable jury could find in Plaintiff's favor on such a cause of action.   2011 WL 4899991, at *13 ("[T]he court finds that plaintiff has failed to establish a prima facie case of First Amendment retaliation.   Accordingly, no reasonable jury could find in plaintiff's favor on any of her claims for deprivation of constitutional rights actionable under 42 U.S.C. § 1983[.]").   Plaintiff is thus barred from pursuing such a claim in this action.

With respect to Plaintiff's First Amendment denial of access to courts claim and her Fourteenth Amendment equal protection claim,  Plaintiff could have asserted these claims in *Quattrone I*.   Both of these claims arise out of the same conduct that gave rise to Plaintiff's First Amendment retaliation claim—namely the termination of her employment and failure to reinstate her to the vacancies she believes she was entitled to by state law, as well as the request that she sign a waiver and release. "Res judicata . . . precludes a litigant from advancing in a new action all claims or defenses that were <u>or could have been</u> raised in a prior proceeding in which the same parties or their privies were involved and that resulted in a judgment on the merits." *In re PCH Assocs.*, 949 F.2d 585, 594 (2d Cir. 1991) (emphasis added); *see also Murphy v. Gallagher*, 761 F.2d 878, 879 (2d Cir. 1985) (res judicata "prevents litigation of a matter that could have been raised and decided in a previous suit, whether or not it was raised").   In other words, "whatever legal theory is advanced, when the factual predicate upon which claims are based are substantially identical, the claims are deemed to be duplicative for purposes of res judicata." *Berlitz Sch. of Languages of Am., Inc. v. Everest House*, 619 F.2d 211, 215 (2d Cir. 1980).   In this

- 12 -

case, because the factual predicate for Plaintiff's newly asserted § 1983 claims is the same as the factual predicate for the § 1983 claims considered and dismissed by Judge Curtin, the third element of a res judicata affirmative defense is satisfied.

Plaintiff suggests that res judicata should not apply here because Defendants engaged in "subsequent acts of misconduct" after *Quattrone I* was decided.  (Dkt. 21 at 29).   However, the list of "misconduct" that Plaintiff identifies is the same alleged "misconduct" that was at issue in the earlier action.  (*See id*.).  It is true that "[c]laims arising subsequent to a prior action need not, and often perhaps could not, have been brought in that prior action; accordingly, they are not barred by *res judicata* regardless of whether they are premised on facts representing a continuance of the same course of conduct[.]"  *Storey v. Cello Holdings, L.L.C*., 347 F.3d 370, 383 (2d Cir. 2003) (quotation omitted).   However, res judicata will still apply "where some of the facts on which a subsequent action is based post-date the first action but do not amount to a new claim."  *Id*. at 384.  Here, the record before the Court contains no evidence that Defendants engaged in conduct after entry of the decision in *Quattrone I* sufficient to support a new § 1983 claim. Accordingly, the doctrine of res judicata applies, and Defendants are entitled to summary judgment as to the federal claims asserted in this action.  Plaintiff's cross-motion for summary judgment on these claims is denied.

## III.  The Court Declines to Exercise Supplemental Jurisdiction Over Plaintiff's State Law Claims

Having determined that all of Plaintiff's claims over which this Court has original jurisdiction are barred by the doctrine of res judicata, the Court declines to exercise

supplemental jurisdiction over Plaintiff's remaining claims, all of which involve issues of state law that are better left to a state court.

As an initial matter, the Court notes that Plaintiff argues that the Court does not have supplemental jurisdiction over her state law claims.  (*See* Dkt. 21 at 25-28).  Plaintiff is incorrect.  Supplemental jurisdiction exists where "the federal claim and state claim . . . stem from the same common nucleus of operative fact; in other words, they must be such that the plaintiff would ordinarily be expected to try them all in one judicial proceeding." *Montefiore Med. Ctr. v. Teamsters Loc. 272*, 642 F.3d 321, 332 (2d Cir. 2011) (quotations omitted).  That standard is easily met here—all of Plaintiff's state law and federal claims arise out of the same set of facts regarding BOCES' termination of her employment and subsequent failure to reinstate her.

However, "[a] district court may decline to exercise supplemental jurisdiction over a claim under a number of circumstances, including where "the district court has dismissed all claims over which it has original jurisdiction[.]"  28 U.S.C.  § 1367(c)(3).  "In general, where the federal claims are dismissed before trial, the state claims should be dismissed as well."  *Delaney v. Bank of Am. Corp.*, 766 F.3d 163, 170 (2d Cir. 2014) (internal citations and quotation marks omitted); *see also Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 349-50, n.7 (1988) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims.").  Further, "[i]n situations where the removed federal claims have been dismissed, . . . concerns of comity

and of federalism encourage remanding to the state courts cases in which state court adjudication can properly claim primacy of interest." *Sunnen v. New York State Dep't of Health*, 544 F. App'x 15, 17 (2d Cir. 2013) (quotation and original alteration omitted).

Here, the Court has eliminated, prior to trial, all the claims over which it has original jurisdiction.  Further, the remaining state law claims are more appropriately heard by a state court, inasmuch as they involve quintessentially state questions, including whether the state constitution has been violated.  Under these circumstances, the Court finds it appropriate to decline to exercise supplemental jurisdiction and to remand Plaintiff's state law claims to the state court.  The Court thus need not and does not reach the parties' substantive arguments regarding these claims.

## IV.    **Defendants' Procedurally Improper Request for Sanctions is Denied**

In their motion for summary judgment, Defendants ask the Court to impose sanctions on Plaintiff for a purported violation of Federal Rule of Civil Procedure 11.  (Dkt. 16-30 at 30-31).  However, a motion for sanctions under Rule 11 "must be made separately from any other motion[.]"  Fed. R. Civ. P. 11(c)(2).  Further, Rule 11 contains a "safe-harbor provision" requiring a party seeking sanctions to provide the opposing party with notice and an opportunity to correct the offending conduct.  *See Star Mark Mgmt., Inc. v. Koon Chun Hing Kee Soy & Sauce Factory, Ltd.*, 682 F.3d 170, 175 (2d Cir. 2012).  "The safe-harbor provision is a strict procedural requirement."  *Id.*

Here, Defendants did not file their Rule 11 request for sanctions as a separate motion, nor have they demonstrated compliance with Rule 11's safe-harbor provision. Accordingly, Defendants' request for sanctions is denied.

## **CONCLUSION**

For the reasons set forth above, the Court grants Defendants' motion to for summary judgment (Dkt. 16) and denies Plaintiff's cross-motion for summary judgment (Dkt. 21) with respect to Plaintiff's federal claims.   The Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims, and remands the matter to New York State Supreme Court, Chautauqua County for consideration of the remaining claims.   The Clerk of Court is instructed to mail a certified copy of this Decision and Order, with a clear reference to Supreme Court, Chautauqua County, Index No. EK12019000926, to the clerk of the state court, and close the case.   Defendants' request for sanctions is denied.

SO ORDERED.

ELIZABETH A. WOLFORD
United States District Judge

Dated:          September 21, 2021
               Rochester, New York

- 16 -